IN the United States District
Court for the Western District
of Pennsylvania

**FILED**
NOV 29 2007
CLERK U.S. DISTRICT COURT
WT. DIST. OF PENNSYLVANIA

Corey Harris, Pro Se  : Civil Action No: 05-111 Erie
Petitioner  : Judge Sean J. McLaughlin
vs.  : U.S. Judge Susan Paradise
Warden James  : Baxter.
Veshecco, et al
Respondents  : Motion to Revisit the
  Issue of writ of habeas Corpus.

Motion of Federal habeas Relief for Violations of the Constitution of Federal laws. under 28 U.S.C. § 2254 (a). In Support of the following:   28 U.S.C. § 2253 In Support

I   Facts

1) On April 5, 2005 Petitioner, formerly an inmate incarcerated within the Erie County Prison, Petitioned the above Court for a writ of habeas Corpus Pursuant to 28 U.S.C. § 2241, alleging that he was detained in Violation of his Constitutional rights.

2) Due to a change of Address it appear that Petitioner has been released from incarceration. For the reasons set forth herein, this Petition was dismissed As moot

3) The Purpose of a Writ of habeas Corpus is to challenge the legal authority under which a prisoner is held in custody, See Heck V. Humphrey, 512 U.S. 477 (1994); Allen V. McCurry, 449 U.S. 90 (1980) the Unique Purpose of habeas Corpus is to release the applicant for the writ from unlawful Confinement, See Wolff V. McDonnell, 418 U.S. 539 (1974) basic Purpose of the Writ is to enable those Unlawfully Incarcerated to obtain their freedom, See Preiser V. Rodriguez, 411 U.S. 475 (1973) United States V. Hollis, 569 F.2d 199, 205 (3r Cir. 1977). See, Exhibit # 2007 1A 1 of 6

4.) The Writ Supplies the Mechanism by which a Prisoner may challenge the length of their Custodial term. Fields V. Keohane, 954 F.2d 945, 949 (3d Cir. 1992). See, Barden V. Keohane, 921 F.2d 476 (3d cir 1991). This Remedy is to free an inmate from unlawful Custody, See Exhibit # 2007 1A 1 of 6

II. <u>STATEMENT OF QUESTIONS INVOLVED</u>

A) Does Petitioner Exhibits # 2007-1A 1of6 Support an Bench Warrant for his Arrest and to Serve an UnIdenifed Sentence for a Case Docket Number that was the same Court Docket Number for a 2004 Sentence that Supposted Petitioner Writ of Habeas Corpus requested relief as he Seek Release from Custody?

    Suggested Answer: Yes

B) Does the Petitioner motion Support a Circumstance to A live Controversy that remains and demonstrate that he will or is Steal Suffering a Collateral, of Consequences from the denial of federal habeas Relief?, of mootness?

    Suggested Answer: Yes

C.) Does this Civil Action of Petitioner 28 U.S.C. § 2254 Support the purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody?, See Exhibit # 2007-1A 1 of 6

        Suggested Answer: Yes

D.) Does the Fifth Amendment right of the individual to be free from unfounded prosecution of the Petitioner motion Support a Collateral Consequences that support a Double Jeopardy and tried twice for the same civil offense in 2004, See Exhibit # 2007-1A 1 of 6 in Support and a Violation of the 4th Amendment of the U.S. Cont.? And Support a Certificate of Appealability?
        Suggested Answer: Yes

E.) Does the Petitioner motion demonstrate that reasonable Jurists would find the district Courts assessment of the Petitioner Constitutional Claims debatable or wrong base on Exhibits # 2007-1A 1 of 6 is a Issue showing debatable among Jurists.

and that this Court could resolve this issue differently, or that the question deserves further proceeding? See, McCracken V. Gibson, 268 F.2d 970, 984 (10th Cir. 2001) Under 28 U.S.C. § 2253 this district Court must Identify which specific Issues satisfy the standard of Petitioner habeas Corpus in support of release from unlawful Confinement, See Woff V. McDonnell, 418 U.S. 539 (1974)

Suggested Answer: Yes

II ARGUMENT IN Support of motion to Revisit the writ of habeas Corpus under 28 U.S.C. § 2254 (b) and 28 U.S.C. § 2253. "And Grant A Certificate of Appealability"

A.) Petitioner states that the doctrine of Collateral Consequences was a Narrow exception to the Court General mootness Rules, were as this motion Support a revisit of the Issue of Petitioner Habeas Corpus a writ from unlawful Confinement so that the Petitioner does not remain in custody under the same Conviction after the Sentence was or has been imposed and has fully

Expired on his release on 2/17/06, this Court as well as Petitioner was unware of possibility that the expired prior conviction will be used on this date of 11/29/07 to enhance the same April 05, 2005 habeas Corpus Relief request from the Petitioner Corey Harris, a Sentence that was imposed from 12/15/04 Sentence in the Court of Common Pleas of Erie County Pa, Support In which Subsequent Crimes of which he is Convicted, See <u>United States v. Romera-Vilca</u>, 850 F.2d 177, 179 (3d Cir, 1988). See, Exhibit # 2007 1A 1of6

Petitioner states that he will Suffer Some Collateral legal Consequence If the Conviction is allowed to Stand, See <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968)

Base on the Petitioner being Tried Twice for the Same Offense under the same Case docket Numbers, See Exhibits # 2007 1-A 1of6 In Support of a Collateral legal Consequences of the 4th Amendment and the 5th Amendment of Double Jeopardy all Support and illegal Custody.

Base on the live Controversy and the Circumstances, Petitioner Claim for Relief Should be Granted by this Court and Revisited as Not being Supported as moot, but as Collateral Consequences that demunstrate Petitioner will suffer from the Court moot doctrine as he will be back In Prison for the Same offense Supported by the doctrine of Collateral Consequences Supported by the mootness Rule. See Exhibit # 2007 1A 1 of 6.

This motion of Federal habeas relief Should be Granted, and this motion Support this case exists of avoiding haveing this Case dismissed as moot, See Spencer, 523 U.S. at 7. "(A finding of this Court.)". This writ Supplies the mechanism by which prisoners may challenge the length of their Custodial term, See Court finding In, Fields V. Keohane, 954 F.2d 945, 949, (3d Cir. 1992) and Barden V. Keohane, 921 F.2d 476 (3d cir 1991) this is a Remedy to Free an inmate from unlawful Custody, See Exhibit # 2007-1A 1 of 6 In Support.

The Petitioner Exhibits # 2007-1A 1of6, is the merit of the Petitioner is Steal Subject to becoming the Prisoner at the Erie County Prison of Erie County the Address of the Courts habeas Corpus relief for the Same Issue, the Courts mootness is when a Prisoner is released from Custody, See Courts finding, <u>Lane V. Williams</u>, 455 U.S. 624 (1982). Provides that a Certificate of Appealability may be a Issue only If the applicant has made a Substantial Showing of the denial of a Constitutional Right. In Support of See, Exhibit # 2007 1A 1of6.

And that the Courts mootness was wrong On Petitioner Issue, the district Court assessment of the Jurists was reasonable at that time, but Now debatable or wrong Now See, <u>Szuchon V. Lehman</u>, 273 F. 3d 299, 312 (3d Cir 2001) "of the U.S. Court finding."

III. <u>CONCLUSION</u>

WHEREFORE, the Petitioner requests that this District Court revisit his April 05, 2005 writ of habeas Corpus relief, based upon his Confession, where he face Now Potential Deportation as a Collateral Consequence of Conviction thats supports a Double Jeopardy under the Fifth Amendment of the U.S. Constitional Right of the Petitioner and tried twice and Sentene twice for the same crime of Civil matter of Civil Action Docket case In Support See, Exhibit # 2007 1-A 1 of 6. a Misdmeanor Violation on matters outside of the Court that Impose No Jail time. Petitioner Pray that this Court Grant this motion of Certificate of Appealability base on his Showing of Constitutional Causes of his Rights. Petitioner states that he meets this Standard If he can Show that the Issue is debatable among Jurists, or that a Court Could resolve the Issue Differently. See Exhibit # 2007 1A 1 of 6 IN Support.

    Pursuant to Federal Rule, Pursuces, I Declare under Penalty of Perjury that the foregoing Is true and correct.

## CERTIFICATE OF SERVICE

The undersigned Hereby Certifies that on November 29, 2007 a copy of the within motion was Sent on Respondents of Record by Via U.S., first class mail, Postage Pre-paid, and upon all Counsel of record in accordance with the Federal Rules.

C: Warden James Veshecco
Heather L. Purcell office of Court Administration.
Thomas S. Kubinski

Respectfully Submitted,

Corey Harris, Pro Se
Corey Harris
11/29/07
P.O. Box 3618
Erie PA, 16508