# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COREY L. HARRIS,** : | |
|     Petitioner, : | **C.A. No. 05-111Erie** |
| : | |
| v. : | |
| : | **Magistrate Judge Baxter** |
| **WARDEN JAMES VESHECCO, et al.,** : | |
|     Respondents : | Electronically Filed |
| : | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS

Respondent respectfully submits the following Brief in support of its Motion to Dismiss Amended Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On April 5, 2005, Petitioner filed a Petition for Writ of Habeas Corpus alleging that his incarceration for nonsupport was in violation of his Constitutional rights. At the time of his April 5, 2005 filing, Petitioner was detained based upon three separate December 15, 2004 orders of Erie County Court of Common Pleas Judge Stephanie Domitrovich finding Petitioner in contempt of court at Erie County Court of Common Pleas, Domestic Relations Section Docket Numbers NS200200563, NS902811, and NS200202708 and incarcerating Petitioner in the Erie County Prison for an aggregate sentence of eighteen (18) months. On February 17, 2006, Petitioner was released from incarceration. As a result, Petitioner's Petition for Writ of Habeas Corpus was dismissed as moot.

On March 20, 2006, Petitioner's support obligation was suspended pursuant to medical documentation filed by the Petitioner. Nevertheless, Petitioner was ordered to make monthly payments toward arrears at Docket Numbers NS200200563 and NS200202708. Petitioner failed to meet his obligation on either order and, therefore, he was ordered to appear at a November 21, 2007 enforcement conference. As a result of Petitioner's failure to appear, a bench warrant was issued for his arrest.

On November 29, 2007, at a time when Petitioner was not in custody, he filed with this Court a Motion to Revisit the Issue of Writ of Habeas Corpus. Thereafter, on December 21, 2007, Petitioner was picked up on the November 21, 2007 Bench Warrant issued by Judge Cunningham. Following a hearing, Judge Cunningham found Petitioner in contempt of court for his failure to pay child support under Erie County Court of Common Pleas dockets NS200200563 and NS200202708, as well as for his failure to appear for the November 21, 2007 Support Enforcement Conference. By Orders dated December 21, 2007, Petitioner was incarcerated in the Erie County Prison for three months or until payment of a $500.00 purge. On December 31, 2007, Petitioner satisfied the purge and was released from incarceration. Three days subsequent to his release, Petitioner filed his Amended Petition for Writ of Habeas Corpus by a Person in State Custody.

## II.   LEGAL ARGUMENT

Because Petitioner is not "in custody," his Amended Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus should be dismissed for lack of jurisdiction or, in the alternative, as moot.

A. **Lack of Jurisdiction**

A federal court only has jurisdiction to entertain a petition for a writ of habeas corpus if the petitioner is "in custody". See 28 U.S.C. §2254(a); *Leyva v. Williams,* 504 F.3d 357, 362-63 (3rd Cir. 2007). Relevant to the "in custody" requirement is whether the Petitioner was in custody at the time that he filed his habeas petition. *See Leyva,* 504 F.3d at 363; *see also Lee v. Stickman*, 357 F.3d 338, 342 (3rd Cir. 2004).

Petitioner was in custody neither at the time of filing his Motion to Revisit the Issue of Writ of Habeas Corpus nor at the time of filing his Amended Petition Under 28 U.S.C. for Writ of Habeas Corpus. Specifically, a bench warrant had been issued for Petitioner's arrest as of the time he filed his Motion to Revisit the Issue of Writ of Habeas Corpus. He was not, however, picked up on the bench warrant until December 21, 2007, three weeks after filing the Motion. As a result of the bench warrant hearing, Petitioner was incarcerated. Nevertheless, after only 10 days of incarceration, Petitioner was released when he paid the purge amount due on his civil contempt. Petitioner did not file his Amended Petition for Writ of Habeas Corpus until four days after his release. Accordingly, neither filing initiating the present matter was made during a time when Petitioner was in custody.

Moreover, the jurisdictional defect may not be overcome by looking back to Petitioner's filing of his April 5, 2005 Petition Under 28 U.S.C. for Writ of Habeas Corpus. First, the finding of contempt that was the subject of the April 5, 2005 Petition was completely separate from the present finding of contempt. Specifically, the December 15, 2004 contempt orders which formed the basis for Petitioner's April 5, 2005 Petition were entered for Petitioner's violation of July 29, 2004 orders. Meanwhile,

the December 21, 2007 contempt findings were based upon Petitioner's failure to appear at a November 21, 2007 support enforcement conference, as well as Petitioner's failure to make payments on the March 20, 2006 Orders entered in each case. In other words, they were separate contempt findings entered for contempt of different court orders. As a result, setting aside either finding has no effect whatsoever on the other finding and no effect on future acts of or future findings of contempt. Petitioner's 2005 Petition and the present Petition address separate judgments. To hold otherwise would indicate that Petitioner must seek authorization from the Court of Appeals prior to pursing the present, or any other subsequent, Petition under the underlying state court docket number, which Petitioner failed to do. *See 28 U.S.C. §2244; see also Burton v. Stewart,* 127 S. Ct. 793 (2007).

**B.      Petition is Moot**

Even if this Honorable Court determines that it has jurisdiction over the Amended Petition for Writ of Habeas Corpus, Petitioner's claims should be dismissed as moot.

If a Petitioner is released from custody while his habeas petition is pending, his petition generally becomes moot. *See Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed. 2d 508 (1982). The Petition will not be rendered moot, however, if the petitioner "can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." *Leyva,* 504 F.3d at 363 *quoting DeFoy v. McCullough,* 393 F.3d 439 at 441-42, 442 n.3 (3rd Cir. 2005).

Petitioner, after ten days of incarceration, paid the purge amount and was unconditionally released from incarceration. Despite his contentions, there are no collateral legal consequences to allowing the findings of contempt to stand. As

demonstrated by the discussion in Part II.A. above, judgments of contempt in support proceedings are separate and independent judgments. Petitioner does not face any collateral consequences because he has already purged himself of the contempt.

## III. CONCLUSION

Wherefore, Respondent respectfully requests, based upon the foregoing, that the Amended Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction, or, in the alternative, be dismissed as moot.

Respectfully submitted,

| | |
|---|---|
| s/ Thomas S. Kubinski | s/ Heather L. Purcell |
| Thomas S. Kubinski, Esquire | Heather L. Purcell, Esquire |
| Pa. I.D. No. 25936 | Pa. I.D. No. 87466 |
| Attorney for the Department of Public Welfare | Court Administration |
| Kubinski, Susko & Schonthaler | Erie County Courthouse |
| 135 East Sixth Street 16501 | 140 West Sixth Street |
| (814) 455-7612 | Erie, Pennsylvania 16501 |
| (814) 461-8585 (facsimile) | (814) 451-6317 |
| tom@ksslawfirm.com | (814) 451-6223 (facsimile) |
| | Hpurcell@eriecountygov.org |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY L. HARRIS, | : | |
| Petitioner, | : | C.A. No. 05-111Erie |
| | : | |
| v. | : | |
| | : | **Magistrate Judge Baxter** |
| WARDEN JAMES VESHECCO, et al., | : | |
| Respondents | : | Electronically Filed |
| | : | |

## CERTIFICATE OF SERVICE

I, Heather L. Purcell, Esq., hereby certify that a true and correct copy of the foregoing

Brief in Support of Motion to Dismiss Amended Petition Under 28 U.S.C. §2254 for Writ

of Habeas Corpus was served upon the following by United States First Class Mail:

        Corey Harris
        PO Box 3618
        Erie, PA 16508

Date:   February 6, 2008          s/ Heather L. Purcell
                                                            Heather L. Purcell, Esquire