IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY L. HARRIS,           )<br>                                           )<br>              Petitioner,    )<br>                                           )<br>     v.                               )<br>                                           )<br>WARDEN JAMES VESHECCO, et al.,  )<br>                                           )<br>              Respondents.  ) | Civil Action No. 05-111 Erie<br>District Judge McLaughlin<br>Chief Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss (Doc. 16) be granted, that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13) be dismissed as moot, and that a certificate of appealability be denied.

### II.    REPORT

On December 31, 2007, Petitioner was incarcerated within the Erie County Prison. On that date, he signed his Amended Petition for Writ of Habeas Corpus and placed it in the prison mailing system. He alleged he was detained in contempt proceedings related to his failure to pay child support in violation of his constitutional rights. As relief, he sought an order from this court ordering his release from the Erie County Prison. This court received the petition for filing on January 3, 2008, and it was docketed on that date. Respondents have filed a motion to dismiss for lack of subject matter jurisdiction. In the alternative, they contend that the amended petition should be dismissed as moot because Petitioner has been released from prison.

**A.    Relevant Procedural History**

On April 5, 2005, Petitioner filed at this civil action number a petition for writ of habeas corpus alleging that his incarceration for nonsupport was in violation of his constitutional rights. (Doc. 1). At the time of his filing, Petitioner was detained based upon three separate orders issued by the Erie County Court of Common Pleas that had found him in contempt of court at its domestic relations docket numbers NS200200563, NS902811, and NS200202708 and directed that he be

imprisoned for an aggregate sentence of eighteen months. On February 17, 2006, Petitioner was released from incarceration. As a result, this court dismissed his habeas petition as moot. (Doc. 9 & 10).

On March 20, 2006, the state court temporarily suspended Petitioner's support obligation for medical reasons. However, he was ordered to make monthly payments toward arrears at the state court docket numbers NS200200563 and NS200202708. He failed to meet his obligations, and the state court directed him to appear at a November 21, 2007 enforcement conference. He did not appear, and as a result, a bench warrant was issued for his arrest. (See Doc. 16 at 1-2).

On November 29, 2007, he filed with this court a Motion to Revisit the Issue of Writ of Habeas Corpus. (Doc. 11). On December 21, 2007, he was detained on the bench warrant. Following a hearing, the state court found him in contempt of court for his failure to pay the arrears and for failing to appear at the November 21, 2007 support enforcement conference. The state court ordered that he be incarcerated for three months or until he paid a $500.00 purge. (Doc. 16 at 2).

On December 31, 2007, Petitioner satisfied the purge amount due on his civil contempt and was released from incarceration. (Id.) On January 3, 2008, this court received for filing his Amended Petition for Writ of Habeas Corpus, which he had placed in the prison mailing system prior to his release on December 31, 2007. (Doc. 13 at 14).

**B.     Legal Analysis**

A federal court only has jurisdiction to entertain a petition for a writ of habeas corpus if the petitioner is "in custody" at the time that he filed his habeas petition. See 28 U.S.C. §2254(a); see e.g. Leyva v. Williams, 504 F.3d 357, 362-63 (3rd Cir. 2007); Lee v. Stickman, 357 F.3d 338, 342 (3rd Cir. 2004). Respondents contend that because Petitioner was not in custody when his amended petition was docketed with this court on January 3, 2008, we lack subject matter jurisdiction. However, Petitioner was "in custody" on December 31, 2007 when he signed the amended petition and placed it in the prison mailing system. The "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir.1998).

Therefore, we have subject matter jurisdiction over the amended petition.

Respondents correctly assert that in the event that this court determines that we have subject matter jurisdiction, the amended petition should be dismissed as moot. The general principle of mootness derives from Article III, § 2 of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). A court's ability to grant effective relief lies at the heart of the mootness doctrine. County of Morris v. Nationalist Mvmt., 273 F.3d 527, 533 (3d Cir. 2001). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). This is because the purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Cf. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom).

Here, Petitioner has been released from the Erie County Prison and so through the mere passage of time he has obtained the only relief that this court could have provided to him in habeas. The relief he sought in his amended petition is no longer of consequence to him – he no longer has the requisite "personal stake" in the outcome of the litigation. Spencer, 523 U.S. at 7. Moreover, as Respondents note, Petitioner has not demonstrated that he will face any collateral legal consequences to allowing the findings of contempt to stand, since judgments of contempt in support proceedings are separate and independent judgments, Petitioner has paid the purge amount, and he was unconditionally released from incarceration on the state orders he was challenging in the amended habeas petition. (See Doc. 17 at 3-5).

In conclusion, there is no case or controversy for this court to consider, and the amended petition should be dismissed as moot.

**C.     Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the amended petition for writ of habeas corpus should be dismissed as moot. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

Based upon all of the foregoing, it is recommended that Respondents' Motion to Dismiss (Doc. 16) be granted, that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13) be dismissed as moot, and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 7, 2008